RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/16/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GLENN METZ            DOCKET NO. 14-CV-3081, SEC. P
FED. REG. #28118048

VERSUS             JUDGE DRELL

USA             MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Glenn Metz filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.[1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Petitioner is serving a life sentence and has convictions of conducting a continuing criminal enterprise ("CCE") and possessing cocaine with intent to distribute. In 2011, the Eastern District of Louisiana summarized the background of Petitioner's criminal conviction as follows:

---

[1] Petitioner originally filed this case as a "Motion Pursuant to Title 28 U.S.C. §2255(e) Which Contains the Savings Clause Under 28 U.S.C. §2241" in the Eastern District of Louisiana on April 16, 2014. The Court ordered Metz to clarify whether he intended to file his petition pursuant to §2241 or §2255. Petitioner indicated that he was seeking relief under §2241. At that point, the case was transferred to this district court since Petitioner is incarcerated in the Western District of Louisiana.

On December 15, 1993, Metz was sentenced to life imprisonment after he was convicted by a jury of conspiracy to possess cocaine with intent to distribute, conducting a continuing criminal enterprise ("CCE"), money laundering, possession with intent to distribute cocaine, and carrying and using a firearm in aid of racketeering. On August 14, 1995, Metz's conviction was affirmed by the U.S. Fifth Circuit Court of Appeals on all counts except for the conspiracy charge, which was vacated due to the conviction and life sentence he received for the CCE violation. <u>United States v. Tolliver</u>, 61 F.3d 1189 (5th Cir.1995). The Fifth Circuit later vacated Metz's firearms conviction in light of the U.S. Supreme Court's decision in <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), although the decision had no impact on the life sentence Metz received for his CCE conviction. <u>United States v. Tolliver</u>, 116 F.3d 120, 126 (5th Cir.1997) (vacating the firearms charge without review pursuant to the concurrent sentence doctrine).

On June 10, 1998, Metz filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Metz argued that his life sentence should be vacated due to ineffective assistance of counsel, insufficiency of evidence, improper jury instructions with respect to the CCE charge, imposition of a sentence in excess of the statutory maximum, and the improper admission of 404(b) evidence. The Court denied his §2255 motion on August 28, 1998 and the Fifth Circuit denied a certificate of appealability on March 20, 2000.

Metz has since filed several unsuccessful post-conviction challenges to his conviction and sentence, including five successive §2255 motions. On July 1, 1999, Metz filed his first successive §2255 motion. The motion was transferred to the Fifth Circuit, which denied Metz authorization to file a successive §2255 motion. On August 9, 1999, Metz filed a §2241 motion that was also construed as a successive §2255 motion and denied. On October 29, 2001, Metz unsuccessfully sought a writ of coram nobis or audita querela. On October 1, 2004, and again on August 5, 2005, Metz filed successive motions pursuant to § 2255 that were both denied by the Fifth Circuit. Finally, on March 14, 2007, Metz filed his fifth successive § 2255 motion. The Court declined to transfer the motion to the Fifth Circuit for certification because the Fifth Circuit had previously denied authorization to proceed on the

> same claim.
>
> On July 19, 2011, Metz filed this application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his conviction and sentence. In his motion and supplemental memorandum, Metz argues generally that his conviction is invalid and that he received an illegal sentence based on inapplicable statutes and facts not proven to the jury beyond a reasonable doubt, among other things. The government responds that the motion should be dismissed as yet another unauthorized successive § 2255 motion.

U.S. v. Metz, 2011 WL 5870546 (E.D.La. Nov 21, 2011) (NO. CRIM.A. 92-469). The district court dismissed that case, as the claims were not properly raised under §2241, and Petitioner had not obtained permission from the court of appeals to file a second or successive §2255 motion. Id. The Fifth Circuit affirmed that dismissal, and also found that Petitioner did not meet the savings clause of §2255. U.S. v. Metz, 481 Fed.Appx. 960 (5th Cir. 2012).

On June 17, 2014, while this case was pending in the Eastern District, Petitioner sought permission from the Fifth Circuit to file a successive §2255 motion. [In re: Glenn Metz, 14-30760 5th Cir.] The request was dismissed on August 26, 2014, for Petitioner's failure to comply with a Court order.

In the instant Petition, Metz claims that he is entitled to proceed under §2241, by way of the savings clause of 2255(e).

### *Law and Analysis*

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211

F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Petitioner claims that the remedy under §2255 is inadequate or ineffective to test the legality of his detention.

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the Fifth Circuit Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner cannot meet even the first requirement.

Petitioner claims that the Supreme Court decision of <u>United States v. Rosemond</u>, 134 S. Ct. 1240 (2014) applies retroactively. <u>Rosemond</u> involved a direct appeal from a criminal conviction, and the Supreme Court gave no indication that its decision should be given retroactive application to a case on collateral review, such as the instant action. Furthermore, the Supreme Court has not held that <u>Rosemond</u> applies retroactively, and no circuit court has given <u>Rosemond</u> such effect. Because <u>Rosemond</u> has **not** been declared retroactively applicable by the Supreme Court, the first requirement of the savings clause, Petitioner's claim fails.

Petitioner has failed to demonstrate that §2255 is inadequate or ineffective or that he has obtained permission to file a second §2255 motion, which would have to be filed in the district of conviction.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition under §2241 be **DENIED AND DISMISSED** for lack of jurisdiction. As Petitioner is aware, he must obtain permission from the Fifth Circuit Court of Appeals prior to filing a second or successive §2255 habeas corpus petition.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE